IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James L. Ward, | ) | C/A No. 2:22-04703 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Lt. Krystal Moton; Nurse Donna Miller; | ) | |
| Lt. Greshen; and Lt. Lark. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On December 29, 2022, Plaintiff James L. Ward filed this civil rights action pursuant to 42 U.S.C. § 1983 against the above-named Defendants. ECF No. 1. The Defendants have since moved for summary judgment as to every claim asserted in Plaintiff's complaint. ECF Nos. 23 & 30. Plaintiff's action and Defendants' motions were referred to United States Magistrate Mary Gordon Baker pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). On November 20, 2023, the Magistrate Judge issued a Report and Recommendation (the "Report"), recommending that this Court grant the motions for summary judgment and dismiss Plaintiff's action with prejudice. ECF No. 38. Plaintiff has not filed objections to the Report, and the deadline for doing so expired on December 4, 2023. Accordingly, this matter is ripe for review, adjudication, and disposition.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's complaint asserts claims of negligence, excessive force, and a claim of "denied medical attention," which the Magistrate Judge construed as a claim for deliberate indifference. ECF No. 1 at 7; ECF No. 38 at 5. His claims arise out of a

series of purported incidents, including two falls, which occurred at the Greenwood County Detention Center (the "Detention Center") where Plaintiff is incarcerated as a pretrial detainee. ECF No. 1 at 7.

Regarding Defendant Nurse Miller, Plaintiff asserts that she "constantly denied [Plaintiff] prescribed medication and failed to keep up with [his] doctors' appointments." *Id.* On July 24, 2023, Defendant Nurse Miller filed a motion for summary judgment. ECF No. 23. In support of her motion, Defendant Nurse Miller submitted over one hundred pages of Plaintiff's medical records, as well her affidavit describing in detail the medical care provided to Plaintiff while at the detention center. ECF No. 23–2.

The next day, on July 25, 2023, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to Defendant Nurse Miller's motion. ECF No. 25. Plaintiff's response to Defendant Nurse Miller's motion for summary judgment was due August 25, 2023. *Id.* Plaintiff did not file a response, and the Magistrate Judge extended Plaintiff's deadline to September 18, 2023. ECF No. 33. However, Plaintiff has still not responded to Defendant Nurse Miller's motion for summary judgment.

As noted, Plaintiff's complaint also asserts claims against Defendants Lt. Greshen, Lt. Lark, and Lt. Krystal Moton. ECF No. 1. Regarding Defendant Lt. Greshen, Plaintiff asserts that he "kicked [Plaintiff's] foot" and threatened to place him in lock up upon Plaintiff's return from the hospital for retaliation. *Id.* at 7.

Plaintiff asserts Lt. Lark denied his request to be moved to a different housing unit and, as such, violated his "duty to protect [Plaintiff's] well-being." *Id.* at 5. He asserts Defendant Lt. Moton told him to get up and "went along with the decision to put [Plaintiff] in lock-up," which led "directly to more injuries." *Id.* Finally he alleges that Defendants Lt. Greshen and Lt. Moton failed to ensure Plaintiff received adequate medical care. *Id.* at 3, 5.

On August 24, 2023, Defendants Lt. Greshen, Lt. Lark, and Lt. Krystal Moton filed a separate Motion for Summary Judgment on August 24, 2023. ECF No. 30. Each Defendant submitted an affidavit in support of the motion for summary judgment. ECF Nos. 30–2, 30–3 & 30–4. The next day, the Magistrate Judge issued a separate *Roseboro* Order specific to that Motion. ECF No. 31. Plaintiff's response to this motion for summary judgment was due by September 25, 2023. *Id.* Plaintiff has not filed response.

On October 19, 2023, the Magistrate Judge issued her first report and recommendation, which recommended that this Court dismiss Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with her two *Roseboro* orders. ECF No. 35. Plaintiff did not file objections to this report. However, after further consideration, the Magistrate Judge concluded that "a recommendation on the merits of Plaintiff's claims is more appropriate [.]" ECF No. 38 at 4. She therefore vacated the first report and issued to the present Report, which adjudicates Defendants' motions for summary judgment on the merits. *Id.*

## THE REPORT

The Magistrate Judge's Report recommends that Defendants' motions for summary judgment be granted, and this action be dismissed with prejudice. *Id.* at 15. In her detailed Report, the Magistrate Judge carefully evaluated Plaintiff's claims against each Defendant and concluded that there was no dispute of material fact that Defendants are entitled to judgment as a matter of law. Specifically, the Magistrate Judge concluded:

(1) Defendant Nurse Miller is entitled to summary judgment as to Plaintiff's § 1983 claims of deliberate indifference and negligence/gross negligence because "the evidence submitted my Miller demonstrates that Plaintiff has received responsive medical treatment throughout the time period at issue." *Id.* at 9. The Report thoroughly reviewed Plaintiff's medical records and concluded that, "[u]pon careful review, the evidence shows that Plaintiff was administered all medical treatment and medications deemed medically necessary by his physicians, including his specialists." *Id.* at 10. Hence, she is entitled to summary judgment because "[t]here is no evidence indicating Miller was deliberately indifferent to Plaintiff's serious medical needs in violation of his constitutional rights . . . Further, the evidence does not support finding Miller was grossly negligent." *Id.*

(2) Defendants Lt. Greshen, Lt. Lark, and Lt. Moton are entitled to summary judgment as to Plaintiff's § 1983 excessive force claim arising out of Plaintiff's allegation that Defendant Lt. Greshen kicked him while he was lying on the floor after he fell in his room on June 30, 2022, and that Lt. Moton told him to get up. *Id.* As noted by the Magistrate Judge, Plaintiff does not allege any physical injury from this incident. *Id.* Specifically, the Report found that Defendants are entitled to summary judgment on this claim because (1) "the only evidence in the record indicates that no force was used on Plaintiff . . . Specifically, in their separate affidavits, Defendants Lt. Moton and Lt. Greshen deny that Lt. Greshen kicked Plaintiff while he was lying on the ground," and (2) case law in this circuit indicates that the allegations here would not support a constitutional violation." *Id.* at 11 (citations omitted).

(3) Defendants Lt. Greshen, Lt. Lark, and Lt. Moton are entitled to summary judgment as to Plaintiff's § 1983 deliberate indifference and negligence claims arising out of the allegation that Defendant Lt. Lark denied Plaintiff's requests to be moved to a different unit and Defendants Lt. Greshen and Lt. Moton failed to ensure Plaintiff received adequate medical care. *Id.* at 12. The Magistrate Judge found that, considering the affidavit testimony submitted by Defendants—which Plaintiff has not disputed—"Plaintiff has failed to demonstrate a genuine issue of material fact that any Defendants were deliberately indifferent under § 1983 or grossly negligent under South Carolina law" because "Plaintiff's claims depend entirely on his unverified allegations, which cannot be considered as evidentiary support." *Id.* at 14.

Accordingly, based on the caselaw, Plaintiff's own medical records, and Defendants' unrebutted affidavits, the Magistrate Judge concluded that Defendants are entitled to summary judgment and recommends that this Court grant Defendants' motion and dismiss this matter with prejudice. *Id.* at 15.

## ANALYSIS

Plaintiff has not filed any objections to the Report. As noted by the Magistrate Judge, the record indicates that Plaintiff is still housed at his noticed address, and there is no evidence in the record indicating that he has not received the Report. ECF No. 38 at n. 1. In adjudicating this matter, the Court is charged with a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to

make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has carefully reviewed the Report and other relevant filings. The Report is through and detailed. It specifically analyzes the Plaintiff's claims against each Defendant. As well, in coming to her conclusion and making her recommendation, the Magistrate Judge carefully reviewed Plaintiff's medical records, Defendants' affidavits, and other evidence of record submitted by Defendants in support of their motions for summary judgment. In doing so, she found that Defendants there is no dispute of material fact that Defendants are entitled to judgment as a matter of law. Thus, for the reasons stated by the Magistrate Judge, the Report, ECF No. 38, is **ACCEPTED**, Defendants' motions for summary judgment, ECF Nos 23 & 30, are **GRANTED**, and this matter is dismissed **WITH PREJUDICE.**

**IT IS SO ORDERED.**

*s/Terry L. Wooten*
Senior United States District Judge

December 12, 2023
Columbia, South Carolina